UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INLET MARINA VILLAS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

vs.

CASE NO.:  6:17-CV-01337-PGB-DCI

UNITED SPECIALTY INSURANCE COMPANY
and INTERSTATE FIRE & CASUALTY
COMPANY,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES, LITIGATION ASSISTANT FEES, AND COSTS, REQUEST FOR HEARING, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Inlet Marina Villas Condominium Association, Inc., as the prevailing party in this action, moves for attorneys' fees and costs.  Defendants, United Specialty Insurance Company and Interstate Fire & Casualty Company, do not dispute Inlet Marina's entitlement to reasonable attorneys' fees and costs.

I.    Procedural History

On June 16, 2017, Inlet Marina filed a breach of contract action against each Defendant for their failure to pay full indemnity after Hurricane Matthew damaged Inlet Marina's property. *Complaint*, Doc. No. 1-2.  Defendants subsequently removed the action from Florida's Seventeenth Judicial Circuit to this Court. *Notice*, Doc. No. 1.  On August 10, 2017, Defendants moved compel binding arbitration. *Motion to Compel*, Doc. No. 12.  Inlet Marina did not contest Defendants' motion to compel binding arbitration. *See id*.  The Court granted the motion to compel

binding arbitration, and reserved jurisdiction to rule on any post-arbitration motions from the parties. *Order*, Doc. No. 16.

After discovery, the parties proceeded to binding arbitration on January 7, 2019. After evidence closed, the Arbitration Tribunal rendered a unanimous award on January 12, 2019 in Inlet Marina's Favor. *Arbitration Award*, Exhibit 1. The Arbitration Tribunal found that Inlet Marina suffered $3,106,700 in total damages. *Id*. After applying the remaining deductible and prior payments from the carriers, the Arbitration Tribunal issued a final award in Inlet Marina's favor of $2,509,912.

II.     The Court should award Inlet Marina attorneys' fees and costs.

As the prevailing party, Inlet Marina is entitled to reasonable attorneys' fees and costs.

**A. Attorneys' fees and litigation assistant fees**

Inlet Marina's motion for attorneys' fees arises from the arbitration award issued on January 12, 2019 in Inlet Marina's favor. *Id*. Florida statute authorizes the award of attorneys' fees upon judgment in favor of the insured. Fla. Stat. §627.428. Inlet Marina's status as the prevailing party requires payment of attorneys' fees to Inlet Marina. *See* Fla. Stat. §627.428(1).

Florida statute likewise authorizes fee awards for time spent by legal assistants. Fla. Stat. §57.104. Florida precedent demonstrates Inlet Marina's entitlement to reasonable fees for legal assistant time. *See Loper v. Allstate Ins. Co*., 616 So. 2d 1055, 1061 (Fla. 1st DCA 1993). Plaintiffs are also entitled to prejudgment interest on any attorney's fees and costs. *Quality Engineered Installation, Inc. v. Higley South, Inc*., 670 So. 2d 929, 930 (Fla. 1996). "Interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined." *Id*. at 930-31.

Because Inlet Marina employed the undersigned law firm on a contingent fee basis, the court must consider awarding a contingency risk multiplier. "When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee." *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 831 (Fla. 1990). "Thus, a contingency fee multiplier, although not mandatory, must at least be considered by trial judges in contingency fee cases." *Harvard Farms, Inc. v. National Cas. Co.*, 617 So. 2d 400, 401 (Fla. 3d DCA 1993), *overruled on other grounds by Chandris, S.A. v. Yanakakis*, 668 So. 2d 180 (Fla. 1995).

The Florida Supreme Court placed attorney's fee cases into the following three categories for determining whether a multiplier should be awarded: (1) public policy enforcement cases, including cases presenting consumer protection issues; (2) tort and contract cases; and (3) family law, eminent domain, and estate and trust proceedings. *Bell v. U.S.B. Acquisition Co.*, 734 So. 2d 403, 408 (Fla. 1999); *Quanstrom*, 555 So. 2d at 833-35. The Florida Supreme Court determined that, section 627.428's purpose is to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorney's fees when they must enforce their claims in court. *See Bell*, 734 So. 2d at 410 n. 10. Accordingly, Section 627.428 attorney's fee cases fall under category (1), as they present consumer protection issues. The Court should consider the following factors when determining a reasonable attorney's fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the

nature and lengths of the professional relationship with the client; and (12) awards in similar cases. *Quanstrom*, 555 So. 2d at 834.

Applying these factors, Inlet Marina is entitled to receive a contingency risk multiplier. Plaintiffs' counsel took this case on a contingency fee basis. Plaintiffs' counsel has extensive experience in insurance law. Attorneys of similar skill and reputation will not accept insurance cases such as this one without the possibility of a multiplier. The instant case is not simply a "run of the mill" insurance case. *See Palma*, 629 So. 2d at 831, 833 (court awarded 2.5 multiplier in case involving insurer's refusal to pay $600 thermography bill); *cf. U.S. Sec. Ins. Co. v. Lapour*, 617 So. 2d 347 (Fla. 3d DCA 1993). Furthermore, the result obtained for the Plaintiffs by their counsel was extremely favorable. Inlet Marina's counsel required great skill to render proper legal service in the discovery and presentation phases. Accordingly, Inlet Marina is entitled to receive a multiplier of 1.5 to 1.75.

After review of the time records and application of the loadstar, Plaintiff's initial good faith estimate for the total amount of attorney and paralegal time owed in this case is approximately $466,000.[1] After application of Inlet Marina's requested fee multiplier, Plaintiff's good faith estimate for its attorneys' fees and legal assistant fees ranges from $699,000 to $815,500.

If the Court so orders, Inlet Marina will disclose the terms of any agreement about fees for the services for which the claim is made.

**B. Costs**

Section 57.041, Fla. Stat., provides that "the party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment…." Additionally, Rule 54(d) provides that costs should be awarded as a matter of course to the prevailing party. At this point,

---

[1] This fair estimate is provided pursuant to Rule 54(d)(2)(iii), Fed. R. Civ. P.

Inlet Marina estimates that it has incurred $454,654.30 in costs. Pursuant to Rule 54(d)(2)(iii), this figure represents a fair estimate of the costs associated with prosecuting this action. Inlet Marina is still compiling all invoices and costs from the arbitration.

    III.    <u>Inlet Marina requests the Court issue a scheduling order for it to provide all evidence necessary to prove the reasonableness of its requested fees and costs.</u>

The advisory notes to Rule 54 provide that the motion need not be supported at the time of filing with the evidentiary material bearing on the fees. *See* Rule 54, 1993 Amendment. While Inlet Marina must submit evidence according to a schedule determined by the Court, the motion only need alert the opposing party and the court that there is a claim for fees, "and the amount of such fees (or a fair estimate)." *Id*.; *see also* Kendrick v. Broadcast Media Group LLC, 2006 WL 2709846, at *2 n. 2 (M.D.Ala. 2006).

Accordingly, Inlet Marina requests that the Court enter an order permitting it and the Defendants to engage in discovery, if necessary, to provide all necessary expert affidavits and materials to justify the requested fees and costs. Inlet Marina requests a hearing to determine the final amount of any award for fees and costs.

    IV.    <u>Conclusion</u>

Inlet Marina is entitled to fees and costs. The Court should grant the motion, and set a scheduling order for the parties to comply with for determination of the total award.

**WHEREFORE**, Plaintiff asks the Court to grant this motion, and for all other relief deemed just, right, and equitable by the Court.

## **LOCAL RULE 3.01(g) CERTIFICATION**

After conferral with counsel for Defendant, counsel for Plaintiff is authorized to represent that Defendants do not dispute Plaintiff's entitlement to reasonable attorneys' fees and costs.

Defendants' agreement to entitlement is without prejudice to contest the reasonableness of any submission that Plaintiff makes.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished electronically filed with the Clerk of Court by using the CM/ECF system **this   25th   day** of January 2019**,** which will send a notice of electronic filing to all counsel of record registered with the CM/ECF system as identified on the attached service list below.

        MERLIN LAW GROUP, P.A.

         */s/ Eric W. Dickey*                              .
        KELLY L. KUBIAK, ESQUIRE
        Florida Bar No.  108952
        ERIC W. DICKEY, ESQUIRE
        Florida Bar No. 500011
        777 South Harbour Island Blvd., Ste. 950
        Tampa, FL  33602
        Tel: (813) 229-1000/Fax: (813) 229-3692
        Attorneys for Plaintiff
        kubiakpleadings@merlinlawgroup.com
        kkubiak@merlinlawgroup.com
        edickey@merlinlawgroup.com

**SERVICE LIST**

**Counsel for Defendant**
Dennis M. Campbell, Esq.
Jared Dallau, Esq.
CAMPBELL LAW FIRM, PLLC
201 Alhambra Circle
Suite 602
Coral Gables, FL 33131
Telephone: (305) 444-4060
Facsimile: (305) 444-6041
dcampbell@campbelllawfirm.net
jdallau@campbelllawfirm.net
service@campbelllawfirm.net
Attorneys for Defendants United Specialty Insurance Company and Interstate Fire & Casualty Company