UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INLET MARINA VILLAS
CONDOMINUM ASSOCIATION,
INC.,

        Plaintiff,

v.                                **Case No:  6:17-cv-1337-Orl-40DCI**

UNITED SPECIALTY
INSURANCE COMPANY and
INTERSTATE FIRE &
CASUALTY COMPANY,

        Defendants.

_____

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO QUANTIFY ATTORNEY FEES AND COSTS (Doc. 32)** |
| **FILED:** | **April 12, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I.    <u>Background</u>

In June 2017, Plaintiff filed in state court a two-count Amended Complaint against Defendant, an insurance company, for Breach of Contract relating to the damages Plaintiff suffered as a result of Hurricane Matthew.  Doc. 2.  On July 19, 2017, Defendant removed the case to this

Court.  Doc. 1.  In August 2017, the Court compelled the parties to engage in arbitration, stayed the proceedings, and retained jurisdiction to "adjudicate any post-arbitration motions the parties may make." Doc. 16.  On January 12, 2019, a panel of arbitrators issued a decision in Plaintiff's favor.  Docs. 23 at 2; 23-1.

On January 25, 2019, Plaintiff filed a Motion for Attorney Fees and Costs.  Doc. 23. Specifically, Plaintiff claimed that it is entitled to an award of attorney fees and costs, and a good faith estimate was $699,000 to $815,500.  Doc. 23 at 4.  Defendant did not dispute entitlement to an award of a reasonable fee and costs, but contested the amount sought.  *Id.* 5-6.

On February 6, 2019, the undersigned conducted a hearing on the matter.  At the hearing, the parties agreed that the Court is the proper venue to resolve the request for fees and costs, and Defendant acknowledged Plaintiff's entitlement to a reasonable award of attorney fees and costs but opposed Plaintiff's request for a multiplier and the amount sought.  *See* Doc. 29 at 2.  Based on the arguments, the Court granted Plaintiff's request that it be entitled to a reasonable award of attorney fees and costs and set a deadline for the parties to exchange information and brief the issue of quantification.  *Id.*

Plaintiff has since filed its Motion to Quantify Attorney Fees and Costs (the Motion).  Doc. 32.  According to the Motion, the parties have reached an agreement about the reasonableness of hours expended by all of Plaintiff's attorneys except Anthony Michael Duffy, and the hourly rates of all but three attorneys.  *Id.* at 1-2.  The issues that remain for consideration are: (1) the hourly rates for Attorneys Duffy, Dickey, and Dankelman; (2) Attorney Duffy's reasonable hours expended; (3) the multiplier; and (3) printing costs.

As to the lodestar, Plaintiff seeks the following:

| Name | Rate | Hours | Total |
|------|------|-------|-------|
| Kelly Kubiak | $450 | 2.10 | $945 |
| Farana Bradley[1] | $125 | 153.60 | $19,200 |
| Shane Smith | $450 | .70 | $315 |
| Donna Alvarez | $125 | 4.8 | $600 |
| Michael Duffy | $550 | 350.5 | $192,775 |
| Edward Eshoo, Jr. | $500 | .1 | $50 |
| Melissa Reach | $125 | 1.0 | $125 |
| Marie Laur | $275 | 2.10 | $577.50 |
| Vivian Castillo | $125 | 2.8 | $350 |
| Chad Young | $125 | 2.9 | $362.50 |
| Eric Dickey | $450 | 328.1 | $147,645 |
| Lisa Liberher | $125 | .90 | $112.50 |
| Ian Dankelman | $350 | 112.60 | $39,140 |
| Christina Potter | $275 | .10 | $27.50 |
| **Total Lodestar** | | | **$402,225** |

In support of that lodestar, Plaintiff's counsel – i.e. Attorneys Duffy, Dickey, and Dankelman – attached affidavits.  Docs. 32-1, 32-2, 32-3.  Plaintiff also retained David C. Prather as a fee expert and attached his affidavit.  Doc. 32-4.  Plaintiff also seeks a contingency fee multiplier of 1.50.  Doc. 32 at 8.  Plaintiff argues that the multiplier is appropriate, and after its

---

[1] It is noted that F. Bradley, D. Alvarez, V. Castillo, M. Reach, and L. Liberher are paralegals. Doc. 32 at 7-8.  C. Young is a law clerk.  *Id*. at 8.

application to the lodestar, the Court should issue a fee of $603,337.50.  *Id*. at 9.  Plaintiff also seeks costs in the amount of $31,968.36.  *Id*. at 10.

In response, Defendant challenges the number of hours attributed to Attorney Duffy's time and the hourly rate for Attorney Duffy, Dickey, and Dankelman.  Doc. 37 at 1.  With respect to Attorney Duffy, Defendant argues that 154 hours should be removed from the 350.5 total claimed because the hours include non-compensable travel time reflected in impermissible block billing.  *Id*. at 4.  It is Defendant's position that it is impossible for the Court to determine the amount of non-compensable travel time contained within the block-billed entries, and the time claimed should either be eliminated from the lodestar analysis altogether or substantially reduced.  *Id*. at 7.

With respect to rates, Defendant argues that the hourly rate included in Plaintiff's lodestar for Attorneys Duffy, Dickey, and Dankelman should be reduced by $100 (i.e., Attorney Duffy at $450, Attorney Dickey at $350, and Attorney Dankelman at $250).  *Id*. at 9.  In support of its argument, Defendant has attached an affidavit from Michaela D. Scheihing, an attorney practicing in Volusia County who handles first party insurance cases as a certified mediator.  Doc. 37-2.  Defendant also opposes the application of the multiplier and $21,546.60 in printing charges reflected in the costs.  *Id*. at 10-23.

As to the lodestar, Defendant proposes the following:

| Name | Rate | Hours | Total |
|---|---|---|---|
| Uncontested Amounts | Varied | 171.1 | $22,665 |
| Michael Duffy | $450 | 239.5 | $107,775 |
| Eric Dickey | $350 | 328.1 | $114,835 |
| Ian Dankelman | $250 | 112.6 | $28,150 |
| Total Lodestar | | | $273,425 |

*Id*. at 10.  Plaintiff did not seek leave to reply to Defendant's response, and the Motion was referred to the undersigned and is now ripe for consideration.

## II.   Discussion

As set forth in more detail in the paragraphs that follow, the undersigned respectfully recommends that the Court award Plaintiff attorney fees in the amount of $273,425.00 and costs in the amount of $10,421.86.  Specifically, Attorney Duffy's hourly rate should be $450, Attorney Dickey's hourly rate should be $350, and Attorney Dankelman's rate should be $250.00.  Attorney Duffy should be permitted to recover 280.4 hours, which reduces Plaintiff's lodestar for this attorney by 70.1 hours.  Finally, the undersigned recommends that the multiplier should not be applied and the $21,564.50 in "printing charges" should not be awarded.

### a.  *Amount of Attorney Fees*

The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable.  *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted).  "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work."  *Norman*, 836 F.2d at 1299 (citations omitted).  Instead, satisfactory

evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours viewed as "unnecessary or duplicative" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted).

### i. *Reasonable Rates*

Plaintiff requests an hourly rate of $550 for Attorney Duffy, $450 for Attorney Dickey, and $350 for Attorney Dankelman. Doc. 32 at 3-5. In support of those rates, each attorney has submitted an affidavit. Docs. 32-1, 32-2, 32-3. Also, Plaintiff has attached David C. Prather's affidavit as a fee expert. Doc. 32-4. Mr. Prather concludes that Attorney Duffy, Dickey, and Dankelman's rates are reasonable. *Id.* Plaintiff also discussed the *Johnson* factors, but does not cite to any cases identifying specific rates to assist the Court in its analysis. *See* Doc. 32 at 6-7.

In response to the Motion, Defendant argues that the three attorneys' rates should be reduced by $100 because those are the appropriate market rates in Volusia County for attorneys handling this type of case.  Doc. 37 at 9.  Defendant directs the Court to the fact that the case was filed in Volusia County; was removed to the Orlando Division of this Court; and Michaela Scheihing, an attorney in Volusia County, attests in her affidavit that the rate reduction is appropriate based on the market rate for that county for this type of case.  *Id.*; Doc. 37-2.  Defendant adds that Attorney Duffy began this litigation with time entries reflecting the $450 rate, but inexplicably raised the rate to $550 beginning in August 2018.  Doc. 37 at 9.  Defendant asserts that the rate increase was not provided for in the Merlin[2] fee agreement nor is it a standard rate charged by Merlin as reflected in that agreement.  *Id.*

As an initial matter, the undersigned agrees with Defendant that Mr. Prather's affidavit is not sufficient evidence of the relevant market.  Mr. Prather states that he "reviewed and analyzed 'the prevailing market rate in the relevant community' for paralegals and lawyers in the southern and central Florida areas to ascertain what the reasonable hourly rates currently are for legal and paralegal professionals who perform similar services as those performed in the instant matter."  Doc. 32-4.  The undersigned is not persuaded that "southern and central Florida areas" is the prevailing market.  Instead, the relevant legal community is where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).  While Volusia County and Orlando might be considered central Florida, Mr. Prather has also included south Florida in his analysis and there is nothing to reflect that the area is part of the market at issue.

Without Mr. Prather's affidavit, Plaintiff's only evidence regarding the rates are affidavits from Attorney Duffy, an attorney licensed in Illinois attesting to the reasonableness of his own rate

---

[2] Attorneys Dankelman, Dickey, and Duffy are lawyers with the Merlin Law Group, P.A.

(Doc. 32-1); Attorney Dickey, an attorney located in Merlin Law Group, PA's Tampa, Florida office attesting to the reasonableness of his own rate (Docs. 32-2, 30); and Attorney Dankelman, an associate who does not attest to the reasonableness of his rate.  *See* Doc. 32-3.  It is Plaintiff's burden, however, to provide evidence regarding the rate in the relevant market, which must be more than the attorneys' own affidavits.  *See Norman*, 836 F.2d at 1299 (citations omitted).  Since Plaintiff cites to no case law regarding the relevant reasonable rates in the prevailing market, Mr. Prather's affidavit does not assist the Court in determining the rate for the relevant market, and what remains are the attorneys own affidavits; the undersigned finds that Plaintiff has failed to satisfy its burden to establish the reasonableness of the rates requested.

Accordingly, the undersigned turns to Defendant's argument.  Again, Defendant, with the support of Ms. Scheihing, claims that the Attorney Duffy's appropriate rate for this matter is $450 an hour; Attorney Dickey's is $350 an hour; and Attorney Dankelman's is $250 an hour.  Defendant, therefore, does not oppose the use of these rates for the lodestar calculation.  Given Defendant's concession that these are the appropriate rates in this particular case, the undersigned recommends that Attorney Duffy's fee is $450, Attorney Dickey's is $350, and Attorney Dankelman's is $250 per hour.[3]  *See Tacoronte v. Cohen*, 2014 U.S. Dist. LEXIS 152863, at *11 (M.D. Fla. Oct. 8, 2014) (recommending that the court approve as unopposed the hourly rates requested by the associates and paralegals/law clerks.).  While a more exhaustive analysis of the *Johnson* or *Rowe* factors may have resulted in the undersigned independently recommending the same or lower hourly rates in this case as those suggested by Defendant, the undersigned finds –

---

[3] Based on the foregoing, the undersigned finds it unnecessary to address Defendant's argument that Plaintiff's reliance on *Johnson* is misplaced, and Florida law dictates that the *Rowe* factors should be followed here.  Doc. 37 at 2.  The undersigned will consider *Rowe* with respect to the application of a multiplier.

after a review of the parties' submissions and a consideration of the *Johnson* factors – such an analysis would not militate in favor of a higher rate, and Plaintiff has certainly not carried its burden to support a higher rate. Thus, the undersigned finds that the rates specified by Defendant are reasonable, given Defendant's lack of opposition to those rates in this particular case.

### ii.   *Hours Expended - Duffy*

As discussed, Defendant only challenges Attorney Duffy's hours expended. Doc. 37. As to the reasonableness of the claimed hours billed – i.e. 350.5 hours – Plaintiff provides no specific argument except for his explanation that he reduced his hours by 43 to "take out travel time," he exercised significant billing judgment, and "not another hour should come off the claimed time." Doc. 31 at 3-4. In a footnote, Plaintiff states that the Court is the ultimate arbiter of the reasonableness of hours, and Plaintiff's counsel submits its fee records to the Court. Doc. 32 at 1, n. 1.

In his affidavit, Attorney Duffy discusses his training and experience as a trial attorney and avers that his hourly rate is appropriate because of the complexity of the case and the amount of time it took to investigate and try the case as one of two lead attorneys. Doc. 32-1. He does not specifically address the number of hours expended in the affidavit. *See id*.[4]

In response to the Motion, Defendant challenges 154 hours that it describes as "poor time entries." Doc. 37 at 5. Specifically, Defendant states that Attorney Duffy has 14 entries (totaling 154 hours) which are objectionable because the entries are in "block billing" and include travel time which is not compensable. *Id*. Defendant argues that the time entries are "billed in a fashion

---

[4] Plaintiff also submits David C. Prather's affidavit, which addresses the hourly rate and not the hours expended. Doc. 32-4.

that the tasks Michael Duffy performed cannot be accurately determined." *Id.*  To aid the Court, Defendant has provided a chart reflecting the 14 entries at issue.  Doc. 37-1.

"Courts in the Middle District have taken varying approaches to awarding fees for travel time.  Some have deducted the time where able local counsel was available, some have awarded it, and others have reduced the number of recoverable hours."  *Martinez v. Hernando Cty. Sheriff's Office*, 2013 WL 6047020, at *3 (M.D. Fla. Nov. 13, 2013) (collecting cases).  While there is no bright-line rule, "a fee applicant seeking to recover expenses incurred for retaining non-local counsel generally must show a lack of attorneys practicing in that place who are willing and able to handle his claims."  *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 714 (11th Cir. 2014) (internal quotations omitted); *Brother v. Int'l Club Condo. Ass'n*, 2005 WL 1027240, at *5 (M.D. Fla. 2005) (finding that "travel time is not properly visited on one's adversary, absent a showing of a lack of qualified local counsel.").

 Plaintiff retained counsel with the Merlin Law Group, which has a location in Tampa, Florida according to the docket.  Plaintiff filed this case in Volusia County, Florida.  Attorney Duffy, also with the Merlin Law Group, is not located in Tampa and, instead, travelled from Chicago to Florida to participate in the litigation of this matter.  Doc. 37-1.

The undersigned respects Plaintiff's right to seek counsel of its choice and recognizes that there is no requirement that plaintiffs only retain representation located within the city limits of the courthouse, but there is no evidence or explanation showing why the partner in Chicago should be compensated for the travel.  While Attorney Duffy was one of two lead attorneys on the matter, there is no discussion as to why Merlin Law Group's Florida attorneys were unable to handle tasks like witness preparation, the review of transcripts, "review materials provided," and meeting with engineers before deposition.  *See id*.  This is especially true since Attorney Dickey, the other lead

attorney[5] who is counsel of record, is located in Florida, and attests to the fact that he has tried over 50 jury trials, several hundred non-jury trials, has worked for several years at a property insurance defense firm, has handled numerous first-party property claims, and has more than 14 years of first-party property coverage experience.  Doc. 32-2.

Indeed, it appears that Plaintiff recognizes that Attorney Duffy's travel time should be removed from the total because, as noted, it already reduced the original total by 43 "to take out travel time."  Doc. 32 at 3.  **In reducing the total, Plaintiff states "Defendants were right when they initially said 'about 50 hours' should come off the Plaintiff's attorneys time sheets."  Doc. 32 at 3.** It is not clear why Plaintiff made a distinction between the time it reduced for Attorney Duffy's travel and his remaining travel time.

Without more of an explanation or any type of analysis, the undersigned finds it would not be reasonable to pass Attorney Duffy's fees for traveling on to Defendants. *See McNider Marina, LLC v. Cain & Daniels, Inc.*, 2019 WL 1902897 (M.D. Fla. Apr. 29, 2019) (deducting hours billed for time spent traveling because plaintiffs failed to explain why their out-of-town counsel's travel time should be compensated.); *Demers v. Adams Homes of Nw. Florida, Inc.*, Case No. 6:06-cv-1235-ORL-31KRS, 2008 U.S. Dist. LEXIS 53376, 2008 WL 2413934, at *2 (M.D. Fla. June 11, 2008) aff'd, 321 F. App'x 847 (11th Cir. 2009) (reducing time entries including travel time, where lawyers traveled 72 miles from Melbourne to Orlando.).

Since it is recommended that Attorney Duffy's travel time be excluded, the undersigned is left with the task of addressing Defendant's block billing argument.  Block billing is the practice of including multiple tasks in a single entry which "makes judicial review unnecessarily difficult and warrants reduction of the number of hours claimed." *Zachloul v. Fair Debt Collections &*

---

[5] The Motion describes Attorney Dickey as one of two lead attorneys on the case.  Doc. 32 at 4.

*Outsourcing*, 2010 WL 1730789, at *3 (Mar. 19, 2010).  "Attorneys should 'maintain billing time records in a manner that will enable a reviewing court to identify distinct claims,' and when they include multiple tasks in a single time entry, it is difficult for the court to determine the amount of time spent on particular tasks."  *Id*., citing *Hensley v. Ecerkart*, 461 U.S. 424 (1983).  "While attorneys cannot be expected to account for every second of their time, they should be expected to explain in discrete entries the nature of the work that they want a client or opposing party to pay them." *Kearney v. Auto-Owners Ins. Co.*, 713 F.Supp.2d 1369, 1378 (M.D. Fla. 2010).

When a court finds the hours are too high, it has two choices: "it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap it Up*, 548 F.3d 1348, 1350 (11th Cir. 2008).  Here, the 14 entries for Attorney Duffy's time at issue reflect that Plaintiff has lumped his time for a variety of tasks together with the non-compensable travel time in a way that the Court cannot discern how much time was spent traveling.  So, the hours are too high, and an hour-by-hour analysis does not appear to be an option.  Defendant argues that since Plaintiff has made it impossible for the Court to determine the amount of travel time contained within the block billed entries, the claimed time should be altogether eliminated or substantially reduced.  The undersigned is not persuaded that all 154 hours, which include compensable time, should be eliminated and Defendant does not suggest what a substantial reduction means.  Instead, Defendant cites to cases which applied a 20% or 25% reduction.  Doc. 37 at 7.

Upon due consideration, the undersigned recommends a 20% reduction to Attorney Duffy's hours.  This recommendation takes into consideration the non-compensable travel time, the vague block billing and generic entries such as "review materials provided," the percentage Plaintiff implies is appropriate, and the significant hours the attorney spent traveling for this case.

Accordingly, the undersigned recommends that Attorney Duffy's hours be reduced from 350.5 to 280.4.

### b. The Multiplier

Plaintiff moves for the Court to apply a "contingency fee multiplier in the amount of 1.50." Doc. 32 at 8. "When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee." *Standard Guar. Ins. Co. v. Quanstrom*, 555 So.2d 828, 831 (Fla. 1990). Whether the multiplier is applied, however, is in the discretion of the court. *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010). Three factors are to be considered before awarding a multiplier: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorneys were able to mitigate the risk of nonpayment in any way, and (3) whether any of the factors set forth in *Rowe* are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorneys and the clients. *David L. Goldstein DMD PA v. Phoenix Ins. Co.*, 2018 U.S. Dist. LEXIS 220658, at *9 (M.D. Fla. Aug. 21, 2018) (citing *Quanstrom*, 555 So.2d at 834); *Canalejo v. ADG, LLC*, 2015 U.S. Dist. LEXIS 157236, at *17-18 (M.D. Fla. Nov. 20, 2015) (same).

Plaintiff provides that counsel was retained pursuant to a contingency fee agreement, which is attached to the Motion. Doc. 32 at 9; Doc. 32-6. Plaintiff states that counsel would be unable to mitigate the risk of nonpayment in any way if Plaintiff did not prevail. Doc. 32 at 9. Plaintiff cites to the fee agreement which states "[i]n the event that there is no recovery in connection with the above referenced matter, Clients do not owe a fee to lawyers." *Id*. citing to Doc. 32-6 at 2. Plaintiff next states that the amount involved was significant and the results were exceptional because Plaintiff was awarded 2.5 million dollars in new damages despite Defendant's contention

that "no new money was owed." Doc. 32 at 9. Plaintiff points to its discussion earlier in the Motion regarding the amount of time, labor, and skill that was expended and the difficulty of the issues. *Id*.

In response, Defendant argues that the multiplier is unwarranted because it was not necessary to retain counsel; Plaintiff has not provided evidence for the relevant market; market evidence demonstrates that counsel could be retained without the possibility of receiving the multiplier; the unique fee arrangement and the amount in controversy weigh heavily against the application; and Plaintiff's counsel had the ability to mitigate damages. Doc. 37 at 10-19.

Upon due consideration, the undermined recommends that the Court should not apply the contingency fee multiplier in this case. Plaintiff has not made the necessary information or evidence regarding the three factors part of the record. Indeed, there is no adequate showing that the "relevant market" requires a contingency fee multiplier to obtain competent counsel. "There is a 'strong presumption' that the lodestar is sufficient to attract competent counsel, and the party seeking the multiplier has the burden of identifying a factor that the lodestar does not take into account adequately and proving with specificity that the enhancement is warranted." *Hiscox Dedicated Corporate Member, Ltd. v. Matrix Group Ltd, Inc.*, 2012 U.S. Dist. LEXIS 83373, at *25 (M.D. Fla. 2012) (citing *Perdue*, 559 U.S. at 543). The undersigned finds that Plaintiff has not met its burden on this argument.

### c. Printing Costs

Plaintiff seeks costs in the amount of $31,968.36. Doc. 32 at 9. Defendant challenges $21,546.50 of that amount which Plaintiff attributes to "fees and disbursements for printing," but apparently does not object to the remainder of the costs ($10,421.86). Doc. 32 at 9; Doc. 37 at 20. As justification for the printing costs, Plaintiff cites to a "fee sheet," and explains that the

arbitration occurred in a hotel conference room and "all papers had to be transported to the conference room, and printed documents were necessary to prepare and try the case." Doc. 32 at 10. Plaintiff further states that "[b]y agreement, [Plaintiff] produced the entirety of the voluminous record evidence to the arbitration panel before commencement of the proceedings." *Id*. Plaintiff also asserts that the arbitrators requested binders of "culled record evidence at the close of the arbitration," which included "deposition transcripts, reports, and bids." *Id*. Plaintiff states that the printing costs were reasonable and should be awarded. *Id*.

As an initial matter, Defendant states that Plaintiff seeks the printing charges pursuant to 28 U.S.C. § 1920. Doc. 37 at 20. The Court does not actually know that because Plaintiff does not cite to any law, statutory or otherwise, in support of its claim for these costs. *See* Doc. 32. In any event, this appears to be the correct statute and the undersigned will consider the argument. Under 28 U.S.C. § 1920(4), a judge or clerk of any court of the United States may tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Specifically, "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable[,]" whereas "[c]opies obtained only for the convenience of counsel," such as "[e]xtra copies of filed papers, correspondence, and copies of cases" are not. *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd sub nom. Desisto Coll., Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990), *not followed on other grounds by United States EEOC* v. *W&O Inc.*, 213 F.3d 600 (11th Cir. 2000). A party seeking reimbursement for copying costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).

Defendant complains, and the undersigned agrees, that Plaintiff's "fee sheet" is inadequate. In relevant part, Plaintiff's exhibit includes entries for "copies" or "color copies" with no other description.  While Plaintiff asserts that the copies were necessary for the preparation of trial, and were created, in part, at the request of the arbitrators, the "fee sheet" does not reflect this to be so and there is no other evidence to support the claim.  Notably, as Defendant points out, the copies range from June 12, 2017 – days before the suit was filed in Volusia County – to February 20, 2019 – five weeks after the award by the arbitrators.  Docs. 1, 23, 32-5 at 1, 23.  There is simply nothing before the Court to allow it to determine if the costs are recoverable under § 1920.  *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (finding costs for "unspecified copying" that did "not allow the court to determine whether the documents were necessarily obtained for use in the case" were not recoverable under § 1920).  Accordingly, the undersigned finds that Defendants are not entitled to recover the costs associated with making copies.

### d. Recommended Award

Based upon the foregoing recommendations, the undersigned recommends that Plaintiff be awarded $291,830 in fees.  Specifically, the recommendation is as follows:

| Name | Rate | Hours | Total |
|------|------|-------|-------|
| Uncontested Amounts | Varied | 171.1 | $22,665 |
| Michael Duffy | $450 | 280.4 | $126,180 |
| Eric Dickey | $350 | 328.1 | $114,835 |
| Ian Dankelman | $250 | 112.6 | $28,150 |
| Total Fees | | | $291,830 |

Further, after deducting for the copies, the undersigned recommends that Plaintiff be awarded $10,421.86 in costs.

### III.    <u>Conclusion</u>

The undersigned respectfully **RECOMMENDS** that the Motion (Doc. 32) be **GRANTED in part** such that Plaintiff be awarded $291,830.00 in attorney fees and $10,421.86 in costs, and that the Motion (Doc. 32) be **DENIED** in all other respects.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 13, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy